UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>KUNAL MEHTA (6),<br><br>Defendant. | Criminal Action No. 24-417-6 (CKK) |

**MEMORANDUM OPINION & ORDER**
(June 27, 2025)

Defendant Kunal Mehta seeks reconsideration of this Court's order that he be detained pending trial. *See* Def.'s Mot., ECF No. 144. The Government opposes his request. *See* Gov't's Suppl. Reply, ECF No. 146. Because the Government has shown by a preponderance of the evidence that no condition or combination of conditions of release will reasonably assure Mr. Mehta's appearance for further proceedings in this case, the Court shall **DENY** Mr. Mehta's renewed request for release pending trial.

**I.**

Mr. Mehta is detained pending trial on racketeering and money laundering conspiracy charges. *See* Superseding Indictment, ECF No. 50. Upon Mr. Mehta's arrest, a magistrate judge initially ordered that he be released subject to conditions. *See* Conditions of Release, ECF No. 111 at 8–12. The Government promptly sought this Court's review of that release order. *See* Gov't's Mot., ECF No. 62. After staying the release order and directing the Pretrial Services Agency for the Central District of California to conduct further evaluations, this Court ultimately granted the Government's motion for review and revoked the release order. *See* Mem. Op. & Order, ECF No. 61 (staying release order); Order, ECF No. 100 (directing further evaluations); Mem. Op. & Order, ECF No. 137 (granting review and revoking release order).

1

This Court ordered that Mr. Mehta be detained pending trial because it found by a preponderance of the evidence that "no condition or combination of conditions of release can ensure that [he] will not flee these proceedings." Mem. Op. & Order, ECF No. 137, at 9. The Court further found that Mr. Mehta is "unique among his many codefendants in critical respects," including in that he "has an extensive history of international travel and connections abroad." *Id.* at 10. Although Mr. Mehta had offered to post a substantial appearance bond, the Court concluded that his "demonstrated ability to clandestinely access massive amounts of illicit cryptocurrency and fiat cash diminish the coercive force of any bond" that he might post as surety. *Id.* at 9. The Court concluded that Mr. Mehta and his wife, who is not a U.S. citizen, "lack sufficiently strong ties to the community" to deter Mr. Mehta from fleeing. *Id.* at 10. The Court also noted with concern that Mr. Mehta planned, if he were to be released, to spend his time working on businesses that the Government alleges were integrated into the money-laundering scheme for which he is charged in this case. *Id.* Finally, the Court found that Mr. Mehta had not shown that he could be "reliably supervised by an eligible third-party custodian" if he were to be released to home incarceration or home detention, in part because Pretrial Services had reported to the Court that Mr. Mehta's brother—his proposed third-party custodian—works outside the home about 50% of the time. *Id.* at 9–10.

Three days after this Court revoked the release order, Mr. Mehta moved to reopen his detention hearing to present material new evidence pursuant to 18 U.S.C. § 3142(f). *See* Def.'s Mot., ECF No. 144. The Defendant proffered new evidence that (1) his wife, Lynn Hendricks, is currently awaiting a green card and would face "serious and irreversible" immigration consequences if she were to leave the United States; (2) his brother, Karan Mehta, is authorized to work remotely from home 100% of the time; and (3) the property offered as a security for his

2

appearance is his brother Karan Mehta's family home, and Karan Mehta "would not accept" payment "from [the Defendant] or anyone else to compensate [him] for the loss" of the home. *Id.* The Government opposed the Defendant's motion, emphasizing evidence suggesting that he would have access to hundreds of thousands of dollars in cryptocurrency and other assets if he were to be released pending trial. *See* Gov't's Suppl. Reply, ECF No. 146.

II.

The Court held a hearing on Mr. Mehta's motion on June 23, 2025, at which both his counsel and Government counsel presented oral arguments and the Court heard live testimony from the Defendant's brother, Karan Mehta.

Karan Mehta impressed the Court as a credible witness and a dutiful brother who would faithfully carry out the responsibilities of a third-party custodian if appointed to that role. Karan Mehta testified if the Defendant were released to his custody, he would not be permitted to have access to any electronic devices. Karan Mehta also testified that he had explained to the Defendant's wife, Lynn Hendricks, that any conditions of release would need to be strictly observed. Finally, Karan Mehta testified credibly that he would not accept a payoff from Kunal Mehta or anyone else to compensate him for the loss of his family home if the Defendant were to violate his conditions of release.

However, Karan Mehta also gave testimony that raises doubts about whether he would be able to supervise the Defendant's activities closely enough to mitigate the significant risk that the Defendant may covertly attempt to flee from these proceedings. For example, Karan Mehta testified that the Defendant never told him anything about owning a technology business, even though Karan Mehta also works in the technology industry. (Earlier, the Defendant told the Pretrial Services Agency in the Central District of California that he earns $120,000 per year from

3

a technology business.)  Karan Mehta also testified that he was aware of only one of the several publicly registered companies that the Government alleges the Defendant owns or created, and that he had no awareness that the Defendant was dealing in millions of dollars of cryptocurrency. Moreover, although Karan Mehta acknowledged having seen the extensive collection of Ferraris, Lamborghinis, and other luxury cars parked outside the Defendant's home, Karan testified that he believed that the Defendant was able to afford these vehicles with income from an AirBnB business and from buying and selling these and other "exotic cars."  Karan Mehta explained that he and the Defendant do not talk about their work or businesses; instead, their conversations focus on their family and their travels.

This testimony leaves the Court with the impression that Karan Mehta's relationship with the Defendant may not be conducive to the kind of sustained, intrusive monitoring of the Defendant's activities that would be necessary to detect and thwart a covert plan to flee.  Kunal Mehta is charged with participating in a sophisticated money laundering scheme involving millions of dollars in assets, many of which the Government has not yet recovered.  This alleged scheme, by its nature, involves covert access to the kinds of resources that might make it possible to flee from the United States to a jurisdiction from which the Mr. Mehta could not be extradited.

Further, even after the reopened detention hearing, the source of Mr. Mehta's apparent wealth remains opaque, and there has been no detailed accounting of his present sources of income. For example, Mr. Mehta reported to the Pretrial Services Agency in the Central District of California that he earns $70,000 to $80,000 per month from a business managing AirBnB properties, but in a later filing he claimed to earn $7,000 to $8,000 from this business.  The discrepancies between these figures remain unexplained.  Although Mr. Mehta maintains that the range of $7,000 to $8,000 per month is correct, he has not produced any evidence to rebut the

4

higher figure or substantiate the lower one.  Meanwhile, the Government proffers that Mr. Mehta has connections with a Chinese money laundering network, has demonstrated the ability to open a bank account in another person's name in an effort to complete financial transactions without detection, and has significant cryptocurrency holdings in a wallet the Government has been unable to search but which Mr. Mehta could access upon release.

With this context in mind, although the Court has no reason to doubt that Karan Mehta would faithfully discharge his duty as a third-party custodian to report any violations of conditions that come to his attention, the brothers' relationship appears to be such that Karan Mehta would be unlikely to delve into Kunal Mehta's activities as intrusively as may be necessary to discover a covert plan to flee under the circumstances presented here.  Accordingly, the record does not support a finding that release to the custody of Karan Mehta would reasonably assure the Defendant's appearance for further proceedings.

Other testimony at the hearing reinforced the Court's prior conclusion that Defendant Kunal Mehta and his wife have significant connections abroad that increase the risk of flight to a country from which the Defendant could not be extradited.  Karan Mehta testified that the Defendant's wife had been living in Dubai—a non-extradition country—for many years before coming to the United States in 2024.  Kunal Mehta traveled to visit his now-wife in Dubai several times.  Moreover, at least two of Mr. Mehta's alleged coconspirators are currently fugitives in Dubai.  Therefore, although neither Mr. Mehta nor his wife have family in Dubai and fleeing from the United States would carry significant consequences for each of them, there is reason to believe that they would both be well-situated to relocate to Dubai if given the opportunity.

As this Court previously concluded, Defendant Kunal Mehta has significant incentive to flee, and the record suggests that he has both international connections and access to covert

5

financial resources that may make it possible to abscond to Dubai or another country from which he could not be extradited. *See* Mem. Op. & Order, ECF No. 137, at 10. The present record, as supplemented during the reopened detention hearing, continues to support these conclusions. Accordingly, the Court shall deny Mr. Mehta's renewed request for release pending trial.

### III.

For the foregoing reasons, it is hereby **ORDERED** that Mr. Mehta's [144] Motion to Reopen Detention Hearing Based on Material New Evidence is **GRANTED** insofar as it requests that the Court reopen his detention hearing, but **DENIED** insofar as it requests that Mr. Mehta be released pending trial. Based on the present record, as supplemented during the reopened detention hearing on June 23, 2025, the Court finds by a preponderance of the evidence that "no condition or combination of conditions of release will reasonably assure [Mr. Mehta's] appearance as required" for further proceedings. *See* 18 U.S.C. § 3142(e)(1); *United States v. Simpkins*, 826 F.2d 94, 96 (D.C. Cir. 1987). Accordingly, Mr. Mehta shall remain in custody pending trial pursuant to 18 U.S.C. § 3142(e)(1) and (f)(2)(A).

**SO ORDERED.**

**Dated:** June 27, 2025

/s/ Colleen Kollar-Kotelly
COLLEEN KOLLAR-KOTELLY
United States District Judge